

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

JTH TAX, INC. d/b/a LIBERTY TAX
SERVICE,

                    Plaintiff,

v.                                  Civil No. __2:07 cv 154__

NIEN VAN,

                    Defendant.

## COMPLAINT

NOW COMES the Plaintiff, JTH Tax, Inc. d/b/a Liberty Tax Service, by counsel, and for its Complaint against the Defendant, Nien Van, states as follows:

### The Parties

1. The Plaintiff, JTH Tax, Inc. d/b/a Liberty Tax Service ("Liberty") is a corporation duly organized and existing under the laws of the State of Delaware. Its corporate headquarters and principal place of business are at 1716 Corporate Landing Pkwy., Virginia Beach, Virginia 23454.

2. The Defendant, Nien Van ("Van") previously owned and operated one Liberty Tax Service franchise which gave to Van the right to operate a Liberty Tax Service office using Liberty's proprietary trademarks and methods in a specified territory in Texas. Exhibit 1 is a true and correct copy of the franchise agreement. Pursuant to the franchise agreement attached as Exhibit 1, Van operated a Liberty Tax Service office for the franchise territory known as TX272 at 235 South Commercial Street, Aransas Pass, Texas 78336.

Van's last known home address is 1514 Wildcat Drive, Portland, Texas 78374. Van is a

1

Dockets.Justia.com

citizen of the state of Texas.

## Personal Jurisdiction

3.  Personal jurisdiction over Van exists in Virginia because in the process of purchasing and operating a Liberty Tax franchise, Van had a substantial and continuing relationship with Liberty's headquarters in Virginia Beach, Virginia, including travel to Virginia to attend a one-week training class in Virginia Beach, and the submission of regular reports and other regular contact with Liberty in Virginia Beach, Virginia (see Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1984)); and Van's franchise agreement contains a forum selection clause consenting to jurisdiction in this Court.  Exhibit 1, ¶15.b.

## Subject Matter Jurisdiction

4.  Subject matter jurisdiction is based upon (a) 28 U.S.C. § 1338(a), in that a portion of this claim is based upon federal trademark law; and (b) diversity of citizenship.  The amount in controversy, excluding interest and costs, exceeds $75,000.

## Venue

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this cause of action arose in Virginia Beach and because Van's franchise agreement contains a forum selection clause consenting to venue in this Court.  Ex. 1, ¶ 15.b.

## Facts

6.  On November 1, 2002, Van submitted a Franchise Application to Liberty in which she indicated she had a net worth of $427,197.00 and was otherwise a sophisticated and experienced business person.  *See,* Exhibit 2.

7. On December 12, 2002, Van purchased the Liberty franchise territory known as TX272. *See,* Exhibit 1.

8. In January 2003, Van commenced operation of a Liberty Tax office within the territory TX272 located at 235 South Commercial Street, Aransas Pass, Texas 78336. *See,* Hughes Decl.

9. In mid 2005, Liberty's Area Developer, Jerry Bayless, discussed additional franchise opportunities with Van. In particular, Mr. Bayless encouraged Van to expand to a neighboring territory and purchase the Liberty territory known as TX273 which encompassed Rockport, Texas. *See,* Bayless Decl.

10. Van declined to purchase the territory stating that the territory was too expensive and that Rockport, Texas did not have the necessary clientele to make a tax preparation office successful. *See,* Bayless Decl.

11. On or about March 2, 2007, Mr. Bayless received an anonymous fax from a customer notifying Mr. Bayless that Van was operating an unapproved Liberty office in Rockport, Texas which was located in the Liberty territory which Van previously declined to purchase. *See,* Bayless Decl.

12. In this anonymous fax, the customer expressed irritation in that the customer had gone to the Liberty office in Aransas Pass, Texas for tax preparation services and yet for some reason the customer's tax return information was sent through a Rockport office to be prepared. The customer further explained that a different bank was used in Rockport, that the paperwork returned to the customer was marked "American Tax" and that the customer's Refund Anticipation Loan took two weeks.

3

13. As a result of discovering that Van was likely operating an unapproved tax preparation business in a territory for which she did not own, Mr. Bayless called Information (411) and requested the phone number for American Tax in Rockport, Texas. Mr. Bayless was told that although Information could not locate any business under the name American Tax, they did have a business listing for Liberty Tax in Rockport, Texas. *See,* Bayless Decl.

14. Liberty does not have and has never approved any office in Rockport, Texas. *See,* Hughes Decl.

15. After Mr. Bayless received the phone number for this Liberty Tax located in Rockport, Texas, Mr. Bayless called this non-Liberty office and inquired as to whether they were affiliated with Liberty Tax Service. The person who answered the phone told Mr. Bayless that the business was formerly Liberty. *See,* Bayless Decl.

16. Mr. Bayless proceeded to ask to be connected with Van. Mr. Bayless was told that although she was not there at that moment, Van would be arriving later that day and that Mr. Bayless could leave a message. *See,* Bayless Decl.

17. On or about March 7, 2007, Mr. Bayless spoke with an employee who worked at both the Aransas Pass Liberty office and the non-Liberty office in Rockport. The employee, Janet Pena, informed Mr. Bayless that she had received training from Liberty and was serving as the manager of the office in Rockport and also as a preparer at the Liberty office in Aransas Pass. Ms. Pena further indicated that Van owned the Rockport office and that the office had been operating for approximately three years. *See,* Bayless Decl.

18. On or about March 9, 2007, Mr. Bayless spoke with Van who admitted to operating the non-Liberty office in Rockport. Van further admitted to funneling tax returns for customers who went to the Liberty office in Aransas Pass to Van's non-Liberty office in Rockport. Van

4

also stated that she owned this Rockport office along with her sister and had opened this office

about five years ago and that in the 2007 calendar year they had prepared approximately 50-55

returns. *See,* Bayless Decl.

19. As a result of this additional information indicating that Van was operating an

unapproved tax preparation business in a territory for which she did not own, Liberty sent an

investigator to the Rockport, Texas tax preparation office at issue. *See,* Jolley Decl.

20. On March 7, 2007, Liberty's investigator went to 405 N. Church Street, Rockport,

Texas. Upon arrival, the investigator saw signage which included a parking sign which read

"Liberty Only Parking." *See,* Jolley Decl.

21. Upon entering the office, the investigator took numerous photographs of the office

which contained Statue of Liberty cut outs and flyers titled "Liberty Business Solutions"

prominently displaying the Statue of Liberty. *See,* Jolley Decl.

22. Shortly after entering the office, the investigator was greeted by a receptionist. The

investigator inquired of the receptionist as to who owned the tax preparation office at which they

were located. The receptionist responded that Nien Van was the owner of the company and

provided the investigator with a business card with Nien Van handwritten on the card which read

"Liberty Business Solutions." The business card listed three telephone numbers. One of these

telephone numbers, 361-758-9265 is the telephone number for the legitimate Liberty Tax office

located in Aransas Pass, Texas. The handwritten phone number on the business card, 215-9622

was said to be the cell phone number of Nien Van. The other phone number is 361-230-0226

and is listed in the telephone directory as Liberty Tax Service, Rockport, Texas. *See,* Jolley

Decl. and Ross Decl.

23. The investigator was further informed that she could make an appointment to have her taxes prepared by Nien Van at the tax preparation office in Rockport, Texas. *See,* Jolley Decl.

24. The investigator was told that the tax preparation office at which she was currently at, had been located at that location for three years. *See,* Jolley Decl.

25. The investigator also pulled the local telephone directories. According to these local directories, the Rockport office for which she visited is listed as "Liberty Tax Service" Rockport. *See,* Jolley Decl.

26. As a result of Van's operation of this unauthorized Liberty office, on March 13, 2007, Liberty sent a letter to Van informing her that her Franchise Agreement had been terminated. *See,* Hughes Decl.

27. In spite of this termination, Van has refused to abide by her post-termination duties. She has instead retained her client files, retained the Operations Manual which Liberty loaned to her, retained her former Liberty telephone number and refused to cease identification under Liberty's federally registered trademarks. *See,* Hughes Decl., Ross Decl., Bayless Decl. and Jolley Decl.

## COUNT I
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114 et seq.)

28. Liberty repeats and re-alleges paragraphs 1-27 as if fully set forth herein.

29. As is pertinent to this case, Liberty is the owner of the following federally registered trademarks:

   * "Liberty Tax Service" and design - registration date August 21, 2001 (registration number 2,479,692). Ex. 3.

6

* "Liberty Tax Service" – registration date February 1, 2000 (registration number 2,314,991). Ex. 4.

* "Liberty Income Tax" – registration date June 12, 2001 (registration number 2,459,756). Ex. 5.

* "Liberty Tax" –registration date July 3, 2001 (registration number 2,465,670). Ex. 6.

30. As a result of the termination of Van's franchise agreements, Van no longer has any rights to continue to use any of these marks. Moreover, Van only had the right to use Liberty's trademarks in the territory owned by Van.

31. Any use by Van of marks owned by Liberty, or ones confusingly similar thereto, in unauthorized locations or any location not owned by Van pursuant to the franchise agreement constitutes infringement.

32. Any continued use by Van of marks owned by Liberty, ones confusingly similar, whether within or without Van's previously owned territory constitutes infringement.

33. Nonetheless, Van refuses to cease holding her businesses under Liberty's mark in violation of 15 U.S.C. §§ 1114 and 1125(a). *See*, Hughes Decl.

34. Liberty has suffered damages, including irreparable harm, and will continue to suffer damages and irreparable harm as a result of such infringement, unless Van is enjoined by this Court.

35. Pursuant to 15 U.S.C. § 1116 this Court has the power to enjoin such infringement.

36. Pursuant to 15 U.S.C. § 1117 the plaintiff is entitled to an award of all of its damages sustained as a result of the defendant's acts of infringement, the defendant's profits, and the costs of the action.

## COUNT II
## BREACH OF FRANCHISE AGREEMENT

37.  The plaintiff repeats and re-alleges paragraphs 1-36 as if fully set forth herein.

38.  Van's unauthorized operation of a tax preparation office in a territory not owned by Van constitutes a breach of the Franchise Agreement.  Ex. 1, ¶ 10(a).

39.  Van's unauthorized funneling of Liberty tax customers to a non-Liberty office is a breach of the Franchise Agreement.  Ex. 1, ¶ 10(a).

40.  Van's unauthorized use of Liberty's trademarks at a non-Liberty office in a territory not owned by Van is a breach of the Franchise Agreement.  Ex. 1, ¶ 6(b).

41.  Van's use of another office and bank to file Liberty customer tax returns is a violation of the Franchise Agreement.  Ex. 1, ¶¶ 6(k-l).

42.  Upon termination of Van's Franchise Agreement with Liberty, Van became subject to certain post-termination obligations to Liberty.  Ex. 1, ¶¶ 9-10.

43.  Van has breached her post-termination obligations in at least the following ways:

(a)  Refused to stop identifying herself as a Liberty franchisee and discontinue use of Liberty's marks.  *See*, Hughes Decl.;

(b)  Failed to pay to Liberty all amounts owing to Liberty.  *See*, Hughes Decl. and

   Gundran Decl.;

(c)  Failed to transfer to Liberty all telephone numbers used in her Liberty businesses,

   which would include (361) 758-5548 and (361) 230-0226;  Hughes Decl.

(d)  Failed to deliver to Liberty all copies of her customer lists.  Hughes Decl.;

(e)  Failed to deliver to Liberty all copies of her customer tax returns, files and records Hughes Decl.;

8

(f) Failed to deliver to Liberty the copy of the Operations Manual which Liberty loaned to her. Hughes Decl.;

(g) Refused to adhere to the covenant not to compete and not to solicit contained in her franchise agreement. Hughes Decl.;

(h) Such other failures as may be the subject of further investigation and discovery and proof at trial.

26. Liberty has suffered damages, including irreparable harm (from the non-monetary breaches), and will continue to suffer damages and irreparable harm as a result of such breaches, unless Van is enjoined from further breaches by this Court.

WHEREFORE, in consideration of the foregoing, the plaintiff Liberty Tax Service respectfully prays for the following relief:

1. That it be granted a judgment in its favor against Van in the amount of $118,703.00;

2. That a permanent injunction, be granted compelling Van and all her agents, employees and all other persons in active concert or participation with her to—

(a) discontinue further use of the marks "Liberty Business Solutions," "Liberty Income Tax," "Liberty Tax Service," and "Liberty Tax Service" and design, or any mark confusingly similar thereto;

(b) transfer to Liberty or its designee all rights to the telephone numbers (361) 758-5548 and (361) 230-0226 and any other telephone number previously used at Van's franchise;

(c) deliver to Liberty all copies, including electronic copies, of lists and other sources of information containing the names of customers who patronized Van's former Liberty Tax Service businesses;

(d) deliver to Liberty all customer tax returns, files, records and all copies thereof;

9

(e) deliver to Liberty its Operations Manual and all updates which Liberty loaned to Van;

(f) through March 13, 2009 not directly or indirectly prepare or electronically file income tax returns, or offer Bank Products, within his former Liberty Territory or within 25 miles of the boundary of such Territories; and

(g) through March 13, 2009 not directly or indirectly, within the Liberty Territories or within 25 miles of the boundaries of such Territory, solicit the patronage of any person or entity served by Lee's prior Liberty offices during the time period March 13, 2006 through March 13, 2007 for the purpose of offering such person or entity tax preparation, electronic filing or Bank Products.

3. Award to Liberty its costs incurred in pursuing this action; and

4. Grant to Liberty such other and further relief as justice and the equities of the case may require.

JTH Tax, Inc. d/b/a Liberty Tax Service

By: _Vanessa Scajnoga_____
     Of Counsel

Vanessa M. Szajnoga (VSB #71500)
Corporate Counsel
Liberty Tax Service
1716 Corporate Landing Parkway
Virginia Beach, VA 23454
Telephone number: 757-493-8855
Fax number: 800-880-6432