RECEIVED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRIGINIA
NORFOLK DIVISION.

2007 JUL -2 P 1:34



JTH TAX, INC. d/b/a LIBERTY TAX
SERVICE,

          Plaintiff,

                                  Civil No. 2:07cv154

v.

NIEN VAN,

          Defendant

### Answer to Complaint

June 29, 2007

I, Nien Van, have communicated with Vanessa Szajnoga, plaintiff's council, on Tuesday, 06/11/07 and we worked a settlement. JTH Tax, Inc. agreed not to pursue default at this time while we complete the paperwork.

Ms. Szajnoga agreed to file with the court the appropriate documents for dismissal of case. Please see attachments. Thank you for your cooperation.

Respectfully Submitted,


Nien Van
PO Box 143
Portland, TX 78374
(361) 215-9622


cc: Vanessa Szajinoga, Esq.
    Liberty Tax Service
    1716 Corporate Landing Parkway
    Virginia Beach, VA 23454
    <vanessa.szajnoga@libtax.com>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

JTH TAX, INC. d/b/a LIBERTY TAX
SERVICE,

          **Plaintiff,**

v.                                Civil No. 2:07cv154

NIEN VAN,

          **Defendant.**

## AGREED PERMANENT INJUNCTION AND DISMISSAL ORDER

THIS DAY CAME the parties, the plaintiff by counsel and the defendant, pro se, and represented that all matters in controversy had been resolved and settled and that as part of that settlement the parties have agreed to the permanent injunctive relief set forth below;

UPON THE PARTIES' AGREEMENT, and it appearing proper to do so, the Court hereby ORDERS that the defendant, Nien Van ("Van"), and all persons and entities in active concert or participation with her shall, within seven (7) calendar days of the date of entry of this Order-

(a) discontinue further use of the marks "Liberty Income Tax," "Liberty Tax Service," and "Liberty Tax Service" and design, or any mark confusingly similar thereto;

(b) deliver to Liberty all copies, including electronic copies, of lists and other sources of information containing the names of customers who patronized Van's former Liberty Tax Service business;

(c) deliver to Liberty all customer tax returns, files, records and all copies thereof;

(d) deliver to Liberty its Operations Manual and all updates which Liberty loaned to Van;

1

(e) through March 13, 2009 not directly or indirectly prepare or electronically file income tax returns, or offer Bank Products, within her former Liberty Territory known as TX272 or within 25 miles of the boundary of such Territory; and

(f) through March 13, 2009 not directly or indirectly, within the Liberty Territory TX272 or within 25 miles of the boundaries of such Territory, solicit the patronage of any person or entity served by Van's prior Liberty office during the time period March 13, 2006 through March 13, 2007 for the purpose of offering such person or entity tax preparation, electronic filing or Bank Products; and

(g) abide by all post termination obligations contained in paragraphs 9 and 10 of Van's Franchise Agreement.

FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of enforcing this Order but otherwise orders this matter dismissed.

ENTER: _____
                        Judge

DATE: _____

WE ASK FOR THIS:

JTH Tax, Inc. d/b/a Liberty Tax Service
By: *Vanessa Szajnoga*

Vanessa M. Szajnoga (VSB #71500)
Corporate Counsel
Liberty Tax Service
1716 Corporate Landing Parkway
Virginia Beach, VA 23454
Telephone number: 757-493-8855
Fax number: 757-493-0169
Email: Vanessa.Szajnoga@libtax.com


Nien Van
By: *Nien Van*

Nien Van
2223 Post Oak
Portland, Texas 78374
(361) 215-9622

3

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement ("Agreement") is entered into as of this 13th day of June 2007 by and between JTH Tax, Inc. d/b/a Liberty Tax Service ("Liberty"), on one hand, and Nien Van ("Van") on the other hand.

WHEREAS on December 12, 2002, Van previously purchased one franchise territory known as TX272 from Liberty pursuant to a written franchise agreement;

WHEREAS Liberty filed in the United States District Court for the Eastern District of Virginia, Norfolk Division, on or about March 28, 2007, a Complaint styled JTH Tax, Inc. v. Nien Van (Case No. 2:07cv154);

WHEREAS the parties prefer to resolve their disputes amicably and outside of litigation;

Now, therefore, in consideration of the mutual promises and covenants set forth herein, the parties hereby agree as follows:

1. Van hereby agrees to enter into an Agreed Permanent Injunction in a form that the parties agree upon to do the following:

    a. discontinue further use of the marks "Liberty Income Tax," "Liberty Tax Service," and "Liberty Tax Service" and design, or any mark confusingly similar thereto;

    b. deliver to Liberty all copies, including electronic copies, of lists and other sources of information containing the names of customers who patronized Van's former Liberty Tax Service business;

    c. deliver to Liberty all customer tax returns, files, records and all copies thereof;

    d. deliver to Liberty its Operations Manual and all updates which Liberty loaned to Van;

    e. through March 13, 2009 not directly or indirectly prepare or electronically file income tax returns, or offer Bank Products, within her former Liberty Territory known as TX272 or within 25 miles of the boundary of such Territory; and

    f. through March 13, 2009 not directly or indirectly, within the Liberty Territory TX272 or within 25 miles of the boundaries of such Territory, solicit the patronage of any person or entity served by Van's prior Liberty office during the time period March 13, 2006 through March 13, 2007 for the purpose of offering such person or entity tax preparation, electronic filing or Bank Products; and

1

2. Van also agrees to:

   a. upon request, without limitation as to time, fill out such reasonable forms in paper or electronic form as any applicable internet or other provider may require to cancel internet listings or other listings of any phone numbers listed under Liberty's marks;

   b. pay to Liberty the total sum of $21,088.64 for which $2,000 of this amount will be paid by June 16, 2007 and the remaining sum of $19,088.64 is to be paid by the first of every month, commencing in July 2007, in 44 monthly installments of $502, which includes interest at the rate of eight percent (8%) per annum on the unpaid balance computed from the date of this agreement. Default upon any one payment renders the total sum immediately due and owing.

3. Van agrees not to divulge or use, directly or indirectly, for the benefit of any person or entity outside of the Liberty Tax Service system, any information contained in Liberty's Operations Manual, or any other confidential Liberty information. Van further agrees not to disparage Liberty or its current or former officers, directors, franchisees, area developers or employees.

4. Van and all of Van employees, agents, successors, assigns and affiliates fully and finally release and forever discharge Liberty and all of Liberty's past and present employees, directors, franchisees, area developers, attorneys, assigns and affiliates (collectively "Liberty Released Parties") from any and all claims, actions, causes of action, contractual rights, demands, damages, costs, loss of services, expenses and compensation which Van could assert against the Liberty Released Parties or any of them up through and including the date of this Agreement.

   Liberty and all its employees, agents, successors, assigns and affiliates fully and finally release and forever discharge Van, her past and present employees, attorneys, agents, assigns and affiliates (collectively "Van Released Parties") from any and all claims, actions, causes of action, contractual rights, demands, damages, costs, loss of services, expenses and compensation which Liberty could assert against the Van Released Parties or any of them up through and including the date of this Agreement.

   Neither party releases the other from the obligations specifically set forth or re-affirmed herein.

5. Should any part of this Agreement be declared invalid by a court of competent jurisdiction, such portion shall be deemed severed from this Agreement and shall not affect the validity of the remaining portion. Such remaining portion shall remain in force and effect as if this Agreement had been executed with the invalid portion eliminated.

6. This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be deemed an original, but such counterparts together shall constitute one and the same instrument.

7. This Agreement shall constitute the entire agreement between the parties hereto with respect to the subject matter hereof and shall supersede all previous negotiations, commitments and writings with respect to the subject matter hereof.

8. This Agreement may not be modified in any manner except by an instrument in writing signed on behalf of each of the parties.

Nien Van

By: _____
Nien Van

JTH Tax, Inc.

By: _____
John Hewitt, CEO

3

Nien Van
PO Box 143
Portland, TX 78374



United States Dristrict Court
Eastern District of Virginia
Attention: Deputy Clerk
600 Granby Street
Norfolk, VA 23510